IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMCO INSURANCE COMPANY,
*as Subrogee of Plaza Restaurant, LLC*

    Plaintiff,

v.                                                        Case No. 14-cv-890 GBW/CG

SIMPLEXGRINNELL LP.

    Defendant.

## ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss and accompanying briefing. *Docs. 8, 9, 12*. Having determined that the Court must convert the motion to one for summary judgment, the parties are hereby given notice of the same.

Defendant seeks to enforce the waiver of subrogation provision it claims is included in the contract between it and Plaza Restaurant – Plaintiff's subrogor. Defendant attached to its Motion a document that it claims is the contract between it and Plaza, which includes the waiver of subrogation provision. *Doc. 8*, Ex. B.

Generally, a court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." FED. R. CIV. P. 12(d). Various exceptions to this conversion requirement have

been recognized. For example, conversion is not required when the court considers documents incorporated by reference or attached to the complaint if their authenticity is undisputed. *See Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013). In fact, even if a document is not incorporated or attached to the complaint, if it is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-42 (10th Cir. 2002).

Although not placed in the context of whether the motion should be converted, Defendant argues that (1) Plaintiff refers to the document by quoting directly from it when pleading the breach of contract and breach of express warranty claims, and (2) at least for the contractual claims, the document is central because it is the contract creating the rights between the relevant parties. *See doc. 12* at 1-2.

However, whether the document constitutes the complete contract between the parties is disputed. For its part, Plaintiff describes the document as an "invoice form," which "was purportedly delivered to (and endorsed by) a Plaza employee upon Simplex exiting the premises. . ." *Doc. 9* at 4. Moreover, Plaintiff "disputes that the invoice and report attached as [sic] to Simplex's Motion to Dismiss as Exhibit B represents the true and complete agreement between the parties where they do not describe what Simplex was expected to do or what they did in fact do. The entries

referred to on the form are too vague and ambiguous to be understood without reference to other testimonial and documentary evidence." *Id*. Indeed, the document itself notes the possibility of other agreements which may supersede it. *Doc. 8,* Ex. B ("Customer acknowledges and agrees that, **in the absence of a Service Agreement between the parties**, services hereunder are performed pursuant to the terms and conditions on the reverse side of this Service Request.") (emphasis added).

Under these circumstances, the Court cannot consider the document without converting the motion to dismiss into a motion for summary judgment and giving the parties "a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d). Specifically, such would include material that is relevant to whether the document represented the contract between Defendant and Plaza **as to subrogation rights**.

WHEREFORE, IT IS ORDERED that, if it wishes to do so, Plaintiff shall file its supplemental response brief or its request for limited discovery pursuant to FED. R. CIV. P. 56(d) no later than December 16, 2014.

IT IS FURTHER ORDERED that, if it wishes to do so, Defendant shall file its supplemental reply or its response to the request for limited discovery pursuant to FED. R. CIV. P. 56(d) no later than January 6, 2015.

IT IS FURTHER ORDERED that the Court's ruling on Defendant's Motion to Dismiss is deferred until the deadlines to file supplemental briefing have expired.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**