**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


AMCO INSURANCE COMPANY,
*as Subrogee of Plaza Restaurant, LLC,*

      Plaintiff,

v.                                                                          Civ. No. 14-890 GBW/CG

SIMPLEXGRINNELL LP.

      Defendant.


**ORDER GRANTING PLAINTIFF'S
MOTION FOR DISCOVERY PURSUANT TO RULE 56(d)**

This matter is before the Court on Plaintiff's Motion for Discovery under Rule

56(d).  *Doc. 28.*  The Court held a hearing on the Motion on March 18, 2015.  *See doc. 37.*

Having reviewed the attendant briefing (*docs. 29, 31, 32*), the applicable law, and being

otherwise fully advised, the Court will GRANT the Motion.

**I.      BACKGROUND**

This action arises from a fire that broke out in the kitchen of the Plaza Café, located

in Santa Fe, New Mexico, on the evening of September 4, 2010.  *Doc. 1*, Ex. 1 at 2.  Plaintiff

AMCO Insurance Company provided property insurance to the Plaza Café at that time.

*Id.*  Defendant SimplexGrinnell had been hired by the Plaza Café to service and maintain

a fire suppression system.  *Id.*  AMCO contends that the fire suppression system failed to

operate properly, and brings claims against SimplexGrinnell for negligence, breach of

1

contract, breach of implied warranty of workmanlike performance, breach of express warranty, negligent misrepresentation, and unfair and unconscionable trade practices. *See generally doc. 1*, Ex. 1.

Defendant SimplexGrinnell filed a Motion to Dismiss on October 9, 2014. *Doc. 8.* In its motion, Defendant argues that "AMCO's complaint fails to state a claim because its claims arise from a written inspection contract . . . between Plaza Café and SimplexGrinnell containing a waiver of subrogation provision—which bars AMCO's subrogation claim." *Doc. 8* at 1. Plaintiff responded to the motion on October 24, 2014 (*doc. 9*), and Defendant replied on November 5, 2014 (*doc. 12*).

On November 25, 2014, the Court entered an order converting Defendant's motion to dismiss into a motion for summary judgment, deferring ruling on the motion, and setting deadlines for supplemental briefing. *Doc. 27*. Plaintiff was given until December 16, 2014, to file a supplemental response brief or to request limited discovery pursuant to FED. R. CIV. P. 56(d). Plaintiff filed the instant Motion for Discovery under Rule 56(d) on December 16, 2014, and briefing was complete on January 9, 2015. *Docs. 29, 29, 31, 32, 33.* The Court held a hearing on the Motion on March 18, 2015. *See doc. 37.*

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(d)[1] allows for limited discovery relating to a motion for summary judgment "when facts are unavailable to the nonmovant." FED. R.

---

[1] Prior to amendments to the Federal Rules of Civil Procedure in 2010, Rule 56(d) was listed as Rule 56(f). However, the revised Rule 56(d) "carries forward without substantial change the provisions of former

CIV. P. 56(d).  The Rule is based on the general principle that "summary judgment

[should] be refused where the nonmoving party has not had the opportunity to discover

information that is essential to his opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 250 n. 5 (1986).  Although Rule 56(d) enables a party to obtain discovery in order to

respond to a motion for summary judgment, it "is not a license for a fishing expedition,"

*Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), and there is no requirement that all

discovery be completed before summary judgment may be entered.  *See Price ex rel. Price*

*v. W. Res., Inc.*, 232 F.3d 779, 784 (10th Cir. 2000).

To obtain discovery under Rule 56(d), "[t]he nonmoving party . . . must expressly

invoke Rule 56[(d)]'s protections and, in so doing, must satisfy certain requirements."

*Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006).  Specifically,

the party must "identify[] the probable facts not available and what steps have been

taken to obtain these facts."  *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517,

1522 (10th Cir. 1992).  Whether additional discovery will be permitted under Rule 56(d),

is within the trial court's discretion.  *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d

1260, 1264 (10th Cir. 1984).

Normally, an application under this Rule is treated liberally.  *Jensen v. Redev.*

*Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993).  However, "if the party filing

the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant

---

subdivision (f)."  *Salazar v. City of Albuquerque*, No. 10–0645 JB/ACT, 2014 WL 6065603, at *17 (D.N.M. Oct. 27, 2014).

to the summary judgment motion or merely cumulative, no extension will be granted."
*Id.* at 1554.

III.   ANALYSIS

Plaintiff argues that some discovery is necessary at this time because "Defendant's

Motion is premised entirely on the presence of a Waiver of Subrogation attached . . . to

the reverse side of service invoices . . . [and] the specific terms of the Invoice are too

vague and ambiguous to be understood without reference to other testimonial and

documentary evidence." *Doc. 28* at 5.  Plaintiff provided a declaration from its attorney,

Christopher Brennan, in support of its Rule 56(d) motion, which identifies particular

items for discovery. *Doc. 29.*  Specifically, Plaintiff requests copies of the master service

agreement between Plaza Café and SimplexGrinnell and all service invoices presented by

SimplexGrinnell, and seeks to depose a number of individuals. *Doc. 29.*

At the hearing, Defendant argued that the discovery Plaintiff requests was already

completed on nearly identical claims in a prior lawsuit between Plaza Café and

SimplexGrinnell, and should not have to be redone. *Doc. 37* at 1-2.  The Court disagrees.

The issues involved in the previous lawsuit are distinct from the issues involved in

Defendant's motion.  Namely, the question at this juncture is not the merits of the

AMCO's claims, but whether Plaza Café is barred by its contract from subrogating claims

to AMCO in the first instance.  There was likely no motivation for the parties to focus on

that issue in the initial lawsuit.

For the reasons set forth above and at the hearing, the Court finds that supplemental discovery is needed to enable Plaintiff to adequately respond to Defendant's motion.  Discovery will be permitted in the five categories enumerated by Plaintiff (*see doc. 29*), and shall be limited as follows:

- A maximum of seven (7) interrogatories
- A maximum of seven (7) requests for admission
- A maximum of seven (7) request for production
- A maximum of three (3) depositions.  The depositions shall be limited to three (3) hours each.
- Discovery shall be limited to the contractual issue, and shall not address the merits of the claims.

The Court will also permit Defendant to propound discovery requests, should it wish to do so, subject to the limitations above.

## IV.   CONCLUSION

Wherefore, IT IS HEREBY ORDERED that, subject to the constraints set forth in this order, Plaintiff's Motion for Discovery Pursuant to Federal Rule of Civil Procedure 56(d), *doc. 28*, is GRANTED.  Defendant is hereby permitted to propound discovery requests with the same limitations.

IT IS FURTHER ORDERED that Defendant shall forward copies of the depositions conducted in the prior lawsuit to Plaintiff's counsel.

IT IS FURTHER ORDERED that the parties shall file a joint notice advising the

Court when they anticipate the Rule 56(d) discovery to be complete and when the Court

should expect a response from Plaintiff on the underlying motion.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**