IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMCO INSURANCE COMPANY, as
Subrogee of Plaza Restaurant, LLC,

    Plaintiff,

v.                                                              Case No. 14-cv-890 GBW/CG

SIMPLEXGRINNELL LP,

    Defendant.

## ORDER

This matter comes before the Court upon review of the docket. On November 25, 2014, the Court entered an order converting Defendant's motion to dismiss into a motion for summary judgment and deferring ruling on the motion. *Doc. 27*. After further briefing, the Court granted Plaintiff's Motion for Discovery under Fed. R. Civ. P. 56(d). *Doc. 38*. Subsequent to the permitted discovery, Plaintiff filed its Response to Defendant's dispositive motion. *Doc. 50*.

The Response makes clear that Plaintiff understood that it was briefing a converted summary judgment motion. *See id.* (citing summary judgment standard and referring to conversion). Indeed, Plaintiff argued that the "factual record, developed through prior depositions in related litigation and discovery specially ordered under Fed. R. Civ. 56(d) plainly demonstrates that there are significant genuine disputes of material fact and that the Defendant is not entitled to judgment as a matter of law."

However, Plaintiff failed to comply with the requirements of the local rules to support this assertion. Specifically, the rules require the response to a summary judgment motion to "contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies[.]" D.N.M.LR-Civ. 56.1(b). Whereas Plaintiff lists seven "factual issues" in dispute, it provides no citation to the record in support. *Doc. 50* at 3-4. In fact, much of the Response focuses on what appear to be legal, rather than factual, issues. *See id*. at 5-17 (arguing unconscionability, unenforceability and addressing pleading standards)  As such, the Court cannot determine whether there are genuine disputes of fact which prevent summary judgment.

Where a party fails to properly support assertions of factual disputes, Local Rule 56.1 permits the Court to deem the opposing party's factual assertions as undisputed. D.N.M.LR-Civ. 56.1(b). However, the Court assumes that Plaintiff was unaware that Rule 56.1(b) would apply to a response to a converted summary judgment motion. There, Plaintiff will be given another opportunity to file a response which complies with the local rules. Not only must it cite to the record for allegedly disputed facts, but also explain why those facts defeat summary judgment. The amended response should completely substitute for the response filed at *doc. 50* – for example, if Plaintiff wishes to maintain the argument on unconscionability, it should be presented again in the amended response. The amended response shall be filed no later than October 19, 2015.

Defendant's reply shall be filed by November 5, 2015.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent